**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Brenen CHASES, Defendant—
Appellant.**

No. 06–50003.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2007.

Filed April 30, 2007.

Elana Shavit Artson, Esq., Becky S. Walker, Esq., Julie J. Shemitz, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Thomas C. Brandstrader, Esq., Attorney at Law, Chicago, IL, for Defendant–Appellant.

Before: MCKAY *, KOZINSKI, and TROTT, Circuit Judges.

## MEMORANDUM **

Brenen Alexson Chases appeals his conviction in the district court of conspiracy to possess with intent to distribute the drug MDMA (commonly known as "ecstacy") in violation of 21 U.S.C. §§ 846, 841(a)(1). Chases claims the prosecution committed *Brady* violations that rendered his trial constitutionally infirm, and his conviction should be vacated. We agree with the district court that the government displayed shocking sloppiness throughout the proceedings, and was repeatedly negligent with respect to its affirmative duty to disclose evidence to the defense and to comply with discovery requests.

■ Nevertheless, Chases has not shown that, had the phone records been admitted into evidence, there was a reasonable probability the jury would have accepted Chases' entrapment defense and returned an acquittal instead of a guilty verdict. Therefore, Chases has not dem-

---

* The Honorable Monroe G. Mckay, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

onstrated the evidence was material, and there was no *Brady* violation. *See United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (reversal for a Brady violation is warranted only if there is a reasonable probability that the result of the proceeding would have been different if the evidence been disclosed).

█ Chases' claim that the court erred in giving the jury instructions fails as well. *See United States v. Gonzales–Benitez,* 537 F.2d 1051, 1054 n. 3 (9th Cir.1976) ("fully approv[ing]" of a jury instruction not significantly different from the instructions Chases challenges on appeal). The jury instructions as a whole, including the supplemental instruction, adequately covered Chases' proffered defense, and the definitions the court provided did not render the instructions misleading or inadequate.

█ The district court erred in imposing as part of Chases' sentence a $50,000 fine. The record contains no indication that the district court considered the factors set forth at 18 U.S.C. § 3572(a). The sole reason the court provided, that Chases appeared to have a "support system" that raised suspicion about his eligibility for public defender services, is insufficient to justify the court's imposition of the fine. Accordingly, the district court's imposition of the $50,000 fine is **VACATED.**

In all other respects, Chases' conviction and sentence are **AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.